## CORRECTION AFTER TERM OF CLERICAL ERROR IN ENTRY OF JUDGMENT.

Circuit Court of Cuyahoga County.

CHARLES W. WRENTMORE v. E. E. WRENTMORE.

Decided, February 7, 1910.

*Judgment—Correction of, to Conform to Actual Judgment—Nunc Pro-Tunc Entry After Term.*

A court has power after the term, by a *nunc pro tunc* entry, or otherwise, to amend and modify its judgments or decrees, or the entries thereof, so as to correct clerical errors and make the entries conform to the judgments and decrees actually rendered.

*Burrows & Mason,* for plaintiff in error.
*C. L. Gates,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is a proceeding to reverse a judgment of the common pleas court entered at the September term, 1909, correcting the entry of a judgment made by said court at the July term, 1907.

The judgment complained of recites:

"This action came on to be heard upon the motion of plaintiff to correct the journal entry heretofore placed upon the journals of this court in said action, so that it may conform with the actual judgment by the court, and was submitted to the court upon the evidence, and the court being fully advised in the premises, finds that statements of fact contained in said motion are true. It is therefore ordered, adjudged and decreed that said journal entry heretofore placed on the journals of this court, be corrected so as to conform with the actual judgment rendered by the court by adding thereto the following," etc.

The bill of exceptions shows that the evidence offered in support of the motion was the motion itself used as an affidavit and the trial judge's recollection.

It may be assumed that the law of the case is fairly stated by counsel for plaintiff in error in his brief, as follows:

"A court has no power after the term, by a *nunc pro tunc* entry, or otherwise, to amend or modify its judgments or decrees or the entries thereof, except to correct clerical errors and make the entries conform to the judgments and decrees actually rendered, and except when under the express authority of Section 5354 of the Revised Statutes of Ohio."

As there is no claim that this motion was under the express authority of said Section 5354, the only point to be examined is whether its purpose was to correct a clerical error and make the original entry conform to the judgment actually rendered.

The motion is as follows:

"The said plaintiff respectfully represents to the court that at the trial of the above entitled action the court heard and determined certain matters in dispute between the parties, but did not hear or determine the rights and liabilities of the parties in reference to the inventory of the chattel property of the co-partnership formerly existing between plaintiff and defendant, nor the rights and liabilities of the parties in and to the chattels covered by said inventory, but all questions in regard to the same were reserved to be determined by the parties themselves.

"Said plaintiff further represents that the journal entry placed upon the journal of the court contains no entry whatever in reference to the said inventory and the goods and chattels of the co-partnership covered thereby or the rights and liabilities of the respective parties in reference to the same, but that by intendment of law said journal entry is *res adjudicata* as to the said inventory and goods and chattels covered by the same and the rights and liabilities of the parties in reference thereto; that said journal entry fails to truly and correctly state the judgment of the court in said above entitled action, in that it, by legal effect finally adjudicates and determines the rights and liabilities of the parties arising from and growing out of said inventory and the chattels covered by the same, although, as a matter of fact, the court did not hear, adjudicate or determine any of the said rights and liabilities of the parties.

"Wherefore said plaintiff moves the court to correct said journal entry so as to conform with the actual judgment rendered by the court, and for such further order in the premises as may be proper."

It seems to state specifically enough that the court did not hear or determine the rights and liabilities of the parties as to

certain matters, and that said matters were reserved to be determined by the parties themselves.

It further states that the journal entry fails to truly and correctly state the judgment of the court.

The recollection of the judge was to the same effect.

The prayer of the motion was that the court correct said journal entry so as to conform with the actual judgment rendered by the court.

The judgment rendered on the motion is that the entry ''be corrected so as to conform with the actual judgment rendered by the court,'' and sets forth what that was.

We think the trial judge having found the fact to be that the entry originally made did not conform to the judgment he had actually rendered, had full authority to correct it so to show the actual judgment rendered, and that he acted upon proper evidence. *Jacks* v. *Adamson,* 56 Ohio St., 397.

Judgment affirmed.

---

### INVALID DEEDS ALLOWED TO STAND.